[L. A. No. 1447.   Department One.—January 24, 1906.]

WILLIAM McDOUGAL et al., as Trustees, Respondents, v.
THOMAS FULLER et al., Defendants; THOMAS
JOHNSON, Appellant.

TRUST FOR BENEFIT OF CREDITORS—MODIFICATION BY ORDERS AND JUDG-
MENTS—PLEADING—CREDITORS AS PARTIES.—In an action to obtain
a decree settling the final accounts of trustees for the benefit of
the creditors of a corporation, where the complaint avers that
certain terms, conditions, and provisions of the trust-deeds evidenc-
ing the trust were modified and changed by ''orders and judgments
of the superior court, duly given and made,'' in a specified action,
it must be assumed as against a defendant not answering that the
creditors were parties defendant in such action, there being nothing
in the record thereof inconsistent with such assumption, and it
being necessarily implied that changes by orders and judgments
''duly given and made'' were made in a proceeding in which they
could be made so as to bind the creditors.

ID.—SETTLEMENT OF ACCOUNTS—DISTRIBUTION OF ASSETS—INTEREST.—
In the settlement of the accounts of the trustees and the distribu-
tion of assets received by them, where the amount remaining was
sufficient to pay the principal sum and only part of the interest,
sums bearing interest at an agreed rate of eight per cent, and
those bearing legal interest, and those bearing six per cent, were
entitled to a proportionate share of the interest money to be dis-
tributed, and it was error to distribute a like amount of interest
to each creditor.

ID.—ERROR DE MINIMIS.—Where in the distribution of interest a cred-
itor who had received his principal sum of four thousand two
hundred and fifteen dollars, bearing interest at eight per cent, was
deprived in the distribution of interest of the sum of only twelve
dollars, the amount is too small to justify the re-opening of the
matter of the distribution of a fund amounting to over five hundred
thousand dollars among very many creditors affected; and the
de minimis rule should be held to apply.

ID.—COMPENSATION OF TRUSTEES — AGREED SUM NOT CONCLUSIVE—
CHANGED CONDITIONS.—Where the services rendered by the trustees
were entirely different, both in extent and character, from the
services contemplated by the parties at the time of the execution
of the trust-deeds, and there is no such explicit provision therein
as would make a stipulated compensation of five hundred dollars
conclusive under the changed conditions, the court of equity had
power under the circumstances appearing to grant such increased
compensation as would be reasonable.

ID.—ALLOWANCE FOR FURTHER EXPENSES.—The court also properly
made an allowance to the trustees upon the settlement of their

accounts for such further expenses and disbursements as might be incurred by them in closing the trust by complying with the terms of the judgment.

Id.—List of Creditors — Claim of Receiver.—Where the list of creditors set out in the complaint included the claim of a receiver as part of the indebtedness, it was not error to include in the decree creditors who claimed under the receiver as part of his claim.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

A. Heyneman, W. J. Hunsaker, and Graves, O'Melveny & Shankland, for Appellant.

Kendrick & Knott, for Respondents.

ANGELLOTTI, J.—This action was brought by plaintiffs to obtain a decree settling their final accounts as trustees for the benefit of the creditors of the Golden Cross Mining and Milling Company, a corporation, awarding them compensation for their services, and distributing the trust property to those entitled thereto. The defendants are the many creditors of said corporation. The lower court made the desired decree, distributing the residue of property, consisting of $37,785.73 in money, to the parties deemed entitled thereto. This is an appeal from the judgment upon the judgment-roll, defendant Johnson being the sole appellant. Johnson filed his written appearance in the court below, and therein stated that he submitted "to the court, without further answer, all questions relating to the allowance of the account of the plaintiffs, all questions relating to the allowance of attorney's fees, and all questions relating to the compensation of the trustees." He denied none of the allegations of the complaint, and set up no new matter, resting entirely upon the allegations of the complaint. As to him, therefore, the only question is as to whether the complaint warrants the decree, so far as it affects him.

From the complaint the following facts substantially appear, viz.: On January 4 and 9, 1896, the corporation made deeds of its mining property to the trustees, in trust for the benefit of all its creditors, both those named in a schedule annexed thereto and such others as might be found to be credit-

ors and whose claims were duly approved. Under the terms of the deeds of trust the trustees were to superintend the working of the property, receive all money accruing from the same, and pay all expenses, and from the net proceeds make equal *pro rata* distributions to the claimants. By the terms of the deeds the trust was to continue for fifteen months, unless the claims were paid in full before, or the profitable working of the mine found to be impracticable. If at the end of fifteen months any part of the indebtedness remained unpaid, or sooner if it was found impracticable to work the mine at a profit, the trustees were empowered to sell the property at public auction, after notice, and devote the proceeds, first, to "the expenses of executing this trust, if any portion of the expense may then remain unpaid, including reasonable counsel fees, and also, the sum of five hundred dollars to the trustees collectively, in full for all services"; second, the remaining indebtedness; and third, the surplus to the grantor. It was provided that all claims against the corporation not bearing interest by agreement should bear interest from April 1, 1896, at the rate of seven per cent per annum, "and all claims and demands secured hereby that bear interest by agreement shall continue to bear the same rate of interest as may have been agreed upon by the grantor." Upon the execution of these deeds the trustees entered into possession and operation of said mining property, and continued therein until they were compelled to deliver such possession to a receiver appointed by the superior court of San Diego County, in an action brought by the Free Gold Mining Company against them and others, the names of the persons other than the trustees, who were parties defendant, not appearing in the action. It is alleged in the complaint herein "that numerous clauses, terms, conditions and provisions of the several trust-deeds hereinbefore set forth were modified, superseded, and in whole or in part abrogated in and by those certain orders, judgments, or decrees, duly given and made in and by the superior court of the county of San Diego, state of California, in an action pending therein, entitled 'No. 10,215, Free Gold Mining Company, Plaintiff, *v.* James Spiers et al., Defendants,' of date November 28, 1897, and also the 13th day of April, 1898, of which the following are

copies, respectively, to wit.'' Then follow copies of the stipulations and orders referred to.

This allegation must of course be here taken as admitted, and it must be assumed in support thereof that the creditors were parties defendant in that action, such assumption being the only one consistent with the allegation, and there being absolutely nothing in the record inconsistent therewith. Terms, conditions, and provisions of the trust-deeds affecting the rights of the creditors among themselves and against the trustees could not be changed in an action to which the creditors were not parties, and the allegation that such terms, etc., were changed in certain respects by orders, etc., duly given and made in a certain proceeding, necessarily implies a proceeding in which such changes could be made,—viz., one to which they were parties,—where there is nothing to indicate that they were not parties. Appellant's assumption that the creditors were not parties to the San Diego action finds absolutely no support in the complaint, upon which alone the questions here must be determined. So far, therefore, as the stipulations and orders purport to change the conditions and provisions of the trust-deeds as to the relative rights of the creditors as against the trustees and among themselves, such stipulations and orders must here be taken as binding on the creditors. The exact nature of the San Diego action is not shown, except so far as it appears that it was effectual to prevent the further working of the mine by the trustees, and of the receipt of any proceeds therefrom for the benefit of the creditors of their grantor, except to such extent as allowance might be made therefor by the courts in that action.

It is apparent that the trustees claimed in such action that the rights of such creditors were paramount to those of the plaintiff in that action, and that, as a result of their efforts, there was ordered to be paid by the receiver from the proceeds of the mine obtained by him such amounts as would, in the judgment of the court, pay the creditors in full; the amount of such total indebtedness being determined for the purposes of that action by the court in that action. Under the authorization of the superior court large amounts of money were paid by the receiver to the trustees,

and by them distributed to the creditors, until at the com-
mencement of the action the great bulk of the creditors
had received the full face amounts of their claims exclusive
of interest, and the remainder had received eighty per cent of
their claims exclusive of interest. Over five hundred thousand
dollars had been received and disbursed by the trustees. At
that time the trustees had on hand certain money and a claim
against the receiver adjudged by the superior court in the
hereinbefore referred to action to amount to $19,800, which
was subsequently paid, the two aggregating $37,785.73, and
this constituted all of the trust property.

Defendant Johnson was one of the creditors of the corpora-
tion, holding its note for seven thousand dollars, dated June
18, 1894, bearing interest at the rate of eight per cent per
annum from February 15, 1894, on which there had been
paid, prior to the execution of the deed of trust, the sum
of $2,785, leaving a balance of $4,215, bearing interest. The
company was further indebted to him in the sum
of seventy-five dollars on an open account. At the time
of the commencement of this action he had been paid the full
amount of his claims exculsive of any interest. The com-
plaint showed that the trustees had been involved in much
expensive litigation presenting questions as to the validity
of the trust and their right to the property for the benefit of
creditors. There can be no question that the showing made
was sufficient to warrant such allowance of compensation
as was made to them for their services, unless the court was
limited to an aggregate of five hundred dollars by the terms
of the trust-deed. The trial court by its decree adjudged that
the $37,785.73 remaining be distributed as follows, viz.: (1)
$4,968 to the trustees as and for their compensation. (2)
$4,638.09 to the creditors who had received only eighty per cent
of their claim, the same being the remaining twenty per cent
exclusive of any interest. Compliance with this provision
would satisfy every claim so far as principal is concerned,
leaving due to each claimant the interest to which he was en-
titled. (3) The amount remaining being insufficient to pay the
interest in full to each creditor, a sum equal to fourteeen
per cent of the original face amount of his claim, exclusive
of interest, by way of interest thereon. (4) The balance,

$604.25, was allowed to plaintiffs to cover the further expenses and disbursements to be incurred in complying with the judgment.

Appellant insists that he was entitled to a larger portion of the amount available to creditors than was awarded to him, and in one respect his claim is justified by the record. The allowance of fourteen per cent of the principal of his claim put him, as far as interest was concerned, on the same footing with all the other creditors; while under the terms of the trust-deeds he was entitled to a higher rate of interest than the great bulk of the creditors. We have already set forth the provision of the deeds in this regard, and as to this provision no change or modification was attempted to be made by the superior court in the Free Gold mining case. The allegations of the complaint show that all of the indebtedness except $43,546.40, which was less than one sixth of the total indebtedness, bore not exceeding seven per cent interest, and a small portion only six per cent; and that the $43,546.40 bore interest at the rate of eight per cent, and the remainder bore interest at seven and six per cent, was recognized and stated in the stipulations and orders filed and made in such action. Whatever amount of assets was available for the payment of creditors, each creditor was entitled to the same proportion of the exact amount due him. This proportion could be ascertained only by determining the amount of interest due him under the terms of the agreement. The sum total of the amount due all the creditors would show the total remaining indebtedness, and this divided by the amount available for the creditors would give the amount of dividend. Each creditor would thus receive his proportionate share. This appears too plain to require further discussion. If as to all the claims interest commenced at the same date, the method followed in the lower court would have been correct if all the claims bore the same rate of interest; but as they did not, it was in disregard of the terms of the agreement, and, in view of the comparatively small number of creditors entitled to eight per cent interest, operated to deprive such creditors of some portion of the assets to which they were entitled.

There is nothing in the contention that under the allegations of the complaint appellant was entitled to only seven per cent

interest. A mere addition of the amounts of the claim speci-
fied as carrying eight per cent interest will demonstrate that
the amount of the note was included in the $43,546.40 alleged
to bear interest at the rate of eight per cent per annum, and
in the specific allegation as to the note it is declared to bear
interest at the rate of eight per cent. The allegation as to
seven per cent manifestly has reference only to the balance
due on the open account, seventy-five dollars. This is the
only respect in which appellant was not awarded the proper
proportion of the available residue. Under the stipulations
and orders in the San Diego action, interest on various claims
was to be paid the creditors only from November 1, 1897.
On the record before us this must be held conclusive, so that,
whatever may have been the original agreement as to interest,
all creditors were thereby placed in the same position as to
the time from which interest should be paid.

As to the other points made by appellant, we find no error
in the action of the lower court. The services rendered by the
trustees were entirely different, both in extent and character,
from the services contemplated by the parties at the time of
the execution of the trust-deeds, and there is no such explicit
provision in such deeds as would make the stipulation as to five
hundred dollars compensation conclusive under the changed
conditions. Under the circumstances here appearing we have
no doubt as to the power of a court of equity to grant such
compensation s would be reasonable. We cannot say that the
amount allowed was at all excessive.

In passing, it may be said that the complaint alleged that
five per cent upon the full amount accounted for by the trus-
tees, which would give them more than five times the amount
allowed, would be a reasonable allowance, and expressly asked
that the court fix the compensation, and the appellant nowhere
objected to this being done or contested the claim of plaintiffs
in this respect. Nor was it improper for the court to make
such allowance as was necessary for such further expenses
and disbursements as might be incurred in closing the trust
by complying with the terms of the judgment. Such an
allowance was a necessary incident of the settlement of the
account and of the closing of the trust, and was fully author-
ized by the allegations of the complaint. We cannot say upon
the record before us that the allowance was excessive.

Appellant sets forth a long list of persons, firms, and corporations, to whom, as creditors, portions of the residue were ordered paid by the decree, who, he urges, were not specified in the statement of claimants contained in the complaint. Many of these apparently claimed under and as a part of the claim of one W. W. Stewart, receiver, for $10,576.63, which claim, the complaint shows, was a part of the indebtedness secured. Others will be found specified in the list of claimants for the exact amount stated in the decree. We have examined the list, and we find no warrant for holding that the complaint did not justify the inclusion of all the specified parties. There is no other point requiring notice.

The amount of which appellant was improperly deprived by reason of the failure to fix his dividend upon the basis of eight per cent interest, instead of seven per cent interest, could not exceed the sum of twelve dollars. This amount is altogether too small to justify the reopening of the matter of the distribution of this fund among the very many creditors affected, and we are satisfied that under the circumstances the *de minimis* rule should be held to apply.

The judgment is affirmed.

Shaw, J., and McFarland, J., concurred.